ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff/Respondent,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 04-40111-JAR |
| **MICHAEL ANTONIO HARRIS,** | ) |
| | ) |
| **Defendant/Petitioner.** | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Michael Harris' Motion Under 28 U.S.C. § 2255 to Correct Sentence (Doc. 31). Petitioner argues that his sentence should be corrected to reflect a change in his Guidelines calculation necessitated by recent Supreme Court jurisprudence narrowing the definition of "crime of violence" under USSG § 4B1.2. The government responded (Doc. 33), petitioner replied (Doc. 34), and the government filed a surreply (Doc. 36). On September 20, 2010, the Court heard oral argument on the motion. After considering the briefs and oral argument, the Court denies petitioner's motion, as described more fully below.

**I.    Background**

On October 17, 2005, petitioner pled guilty to Count 1 of the Indictment, charging him under 18 U.S.C. § 922(g), with being a felon in possession of a firearm. He was sentenced on January 24, 2006 to 77 months in custody and the Court applied the advisory United States Sentencing Guidelines ("USSG"), November 1, 2005 edition. His base offense level was set at 24 based, in part, on two prior felony convictions that constituted "crimes of violence" pursuant

to USSG § 2K2.1(a)(2). These prior crimes of violence are: (1) involuntary manslaughter (Shawnee County Case No. 93CR3233) and (2) attempted aggravated battery (Shawnee County Case No. 98CR1190), both felony convictions. Under clear circuit precedent at the time of sentencing, involuntary manslaughter constituted a crime of violence.[1]

There were no objections to the Guidelines calculation in the Presentence Investigation Report, but petitioner's counsel did argue, under the factors in 18 U.S.C. § 3553(a), that the involuntary manslaughter conviction unfairly impacted the length of petitioner's sentence. He argued that the Court should sentence petitioner as if he had an offense level of 20 because the involuntary manslaughter conviction unfairly elevated his base offense level, along with the other crime of violence, by four levels, and because it overrepresented his criminal history. In announcing the sentence, the Court indicated that there were a number of other crimes of violence in this defendant's criminal history, and that it considered (1) overrepresentation of his criminal history, and (2) post-offense rehabilitation as mitigating circumstances justifying a sentence at the bottom of the Guidelines range, instead of at the top, a nineteen-month difference. The Court indicated that the sentencing factors under 18 U.S.C. § 3553(a) justified the 77-month sentence, particularly the need to protect the public and to provide needed treatment.

If petitioner had been found to have only one prior felony conviction for a crime of violence, his base offense level under the Guidelines would have been 20. The resulting Guidelines range, assuming the same reduction would have been applied for acceptance of responsibility, would have been 51-63 months' custody.[2]

---

[1] *See United States v. Salazar*, 149 F. App'x 816 (10th Cir. 2005).

[2] *See* USSG § 2K2.1(a)(4)(A) (Nov. 1, 2005 ed.).

Petitioner did not file a direct appeal, nor did he file an initial habeas petition within one year of when his conviction and sentence became final on February 3, 2006.

## II. Discussion

The Court assumes for purposes of this Order that *United States v. Begay*[3] applies to the Guideline definition of crime of violence in USSG § 4B1.2(a); therefore, involuntary manslaughter is not a crime of violence because it contains a *mens rea* of recklessness and not intentional conduct. Petitioner conceded at oral argument that his § 2255 motion was filed outside the statute of limitations. *Begay* was decided on April 16, 2008; therefore, under § 2255(f)(3), petitioner's one-year statute of limitations expired on April 16, 2009. Petitioner filed the instant motion on July 1, 2010.

Petitioner argues that the Court nevertheless has jurisdiction pursuant to the "savings clause" in § 2255, which allows him to pursue his motion under § 2241. He relies almost exclusively on the recent Eleventh Circuit decision in *Gilbert v. United States*.[4] The savings clause provides that § 2255 is "the exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective."[5] Under such circumstances, a petition for writ of habeas corpus under § 2241 may be appropriate. Such a petition "attacks the execution of a sentence, rather than its validity and must be filed in the district where the prisoner is confined."[6] "The mere failure to obtain relief under § 2255 does not establish that the remedy so provided is

---

[3] 553 U.S. 137 (2008).

[4] 609 F.3d 1159 (11th Cir. 2010).

[5] *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); § 2255(e).

[6] *Winfield v. Ray*, 74 F. App'x 850, 851 (10th Cir. 2003) (quotation omitted); *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

3

either inadequate or ineffective."[7]  A motion pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255."[8]

Petitioner's motion argues that his sentence exceeds the appropriately calculated Guidelines range; therefore, he is challenging the legality of his sentence, not the execution of it.[9]  Petitioner must bring his claim under § 2255 unless he can show that the remedy under that section would be inadequate or ineffective.  The Tenth Circuit has found such a remedy to be inadequate or ineffective in limited circumstances, such as when the original sentencing court is abolished.[10]

Some circuits have formulated tests to determine if § 2255 is inadequate or ineffective under the savings clause.[11]  For example, in the Fifth Circuit the savings clause will only apply to a claim:

> (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[12]

Indeed, *Gilbert* applied the Eleventh Circuit's savings clause test in concluding that the

---

[7] *Davis v. Ledezma*, No. 10-6106, 2010 WL 3294216, at *2 (10th Cir. Aug. 23, 2010).

[8] *Caravalho*, 177 F.3d at 1178.

[9] *See Davis*, 2010 WL 3294216 at *2; *Bradshaw v. Story*, 86 F.3d 164, 166–67 (10th Cir. 1996).

[10] *Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir. 1964).

[11] *See, e.g.*, *Gilbert v. United States*, 609 F.3d 1159, 1164 (11th Cir. 2010) (quoting *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)); *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *In re Jones*, 226 F.3d 328 (4th Cir. 2000); *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Triestman v. United States*, 124 F.3d 361, 367 (2d Cir. 1997).

[12] *Reyes-Requena*, 243 F.3d at 904.

4

petitioner could pursue a claim that would otherwise be barred as a second or successive petition.[13] The Eleventh Circuit's savings clause test requires:

> "1) That claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion."[14]

The Tenth Circuit has not formulated a savings clause test. And it has explicitly declined to adopt such a test in unpublished decisions.[15] In declining to determine whether a federal prisoner may seek relief under § 2241 in limited circumstances if he can establish actual innocence for the crime of conviction, the Tenth Circuit has explained that "the exceptional circumstances would necessarily include the unavailability of a § 2255 remedy."[16] Here, petitioner is unable to show the unavailability of a § 2255 remedy. He concedes that he had a remedy under § 2255, but simply failed to file an initial § 2255 within the statute of limitations. This is not a situation where the law changed after the statute of limitations expired; *Begay* was decided in 2008 and petitioner simply failed to file his motion within one year of that decision. If this Court were to find that a federal prisoner could avoid the statute of limitations anytime a new, retroactively applicable, case of statutory construction would impact his sentence, the "exception would swallow the rule." Indeed, a number of circuits that have formulated savings clause tests have explicitly held that failure to timely file an initial § 2255 motion does not

---

[13]*Gilbert*, 609 F.3d at 1164.

[14]*Id.* at 1164 (quoting *Wofford*, 177 F.3d at 1244).

[15]*See Winfield*, 74 F. App'x at 851 n.3 (collecting cases from other circuits and stating "We have not resolved that issue and decline to do so here because the exceptional circumstances would necessarily include the unavailability of a § 2255 remedy."); *Prevatte v. Gunja*, 167 F. App'x 43–44 (10th Cir. 2006).

[16]*Winfield*, 74 F. App'x at 851 n.3.

5

render § 2255 an inadequate or ineffective remedy.[17]

Petitioner argues that his failure to file an initial § 2255 motion within the statute of limitations does not foreclose a savings clause remedy and that the Court should apply the test enunciated in *Gilbert* without regard for whether a remedy under § 2255 would have been available to him. The Court disagrees. The Seventh Circuit has explained that "adequacy" under the savings clause, requires a determination of "what the essential function of habeas corpus is and whether it is impaired in the circumstances before us by the limitations on the use of the remedy provided in section 2255."[18] In answering this question, the court explained that "[t]he essential function is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence."[19] Likewise, the Fifth Circuit, in *Reyes-Requena*, collected circuit cases that have articulated savings clause standards, and explained that the they all involve the basic features of, (1) actual innocence, and (2) retroactivity.[20] In explaining the actual innocence factor, the court explained the situation in which it would most likely arise:

> Such a situation would likely surface in a case that relies on a Supreme Court decision interpreting the reach of a federal statute due to the following rationale: Section 2255 is the primary method

---

[17]*See Caravalho*, 177 F.3d at 1178 (finding that § 2255 is not an inadequate remedy where statute of limitations and second or successive provisions barred filing the motion); *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002) (affirming district court's dismissal of habeas petition because petitioner failed to show that his § 2255 remedy was inadequate or ineffective merely because was time barred); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (explaining that § 2255 is not inadequate or ineffective where the petitioner failed to file an initial motion within the one-year statute of limitations or grace period); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The one-year period provided him with a reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute.").

[18]*In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998).

[19]*Id.*

[20]*Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001).

> by which a federal prisoner may collaterally attack a conviction or sentence. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000). Thus, a petitioner's first recourse on collateral review is the initial § 2255 motion (which can be filed, inter alia, on grounds that the sentence violated the Constitution or federal laws). Similarly, if a petitioner has already filed a § 2255 motion, his or her second recourse would be a successive § 2255 motion. . . .
>
> And, as subsection (2) speaks only to intervening Supreme Court decisions based on constitutional grounds, the provision does not provide any avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute. *See Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir.2000) ("Congress has determined that second or successive [§ 2255] motions may not contain statutory claims."); *Sustache-Rivera*, 221 F.3d at 16 ("The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty. . . . The savings clause has to be resorted to for [statutory claims] because Congress restricted second or successive petitions to constitutional claims." (internal citations omitted)).[21]

To be sure, *Gilbert* applied the savings clause in the context of a second or successive petition—*Begay* had not yet been decided when the petitioner filed his initial motion under § 2255. In this scenario, § 2255 is inadequate because the exception carved out in the statute for second or successive claims only allows such claims that are based on a new rule of constitutional law, not on a new case of statutory construction. Under such circumstances, the petitioner never had an opportunity to raise the "actual innocence" argument pursuant to § 2255, so there was not a reasonable opportunity to determine the fundamental legality of sentence.

Unlike in the savings clause cases relied upon by this petitioner, he did have a reasonable opportunity to test the legality of his sentence by filing an initial motion pursuant to § 2255. Because this petitioner had not previously filed an initial § 2255 motion, he could have taken

---

[21]*Id.*

7

advantage of § 2255(f)(3), which triggers a one-year statute of limitations when a new right is initially recognized by the Supreme Court and is made retroactively applicable to cases on collateral review.[22] Under the Fifth Circuit's savings test formulation, the right to relief must not have been available to petitioner when he filed his initial motion under § 2255.[23] To allow him relief pursuant to the savings clause under these circumstances would be to hold that the failure to meet the statute of limitations in § 2255(f) is sufficient to render § 2255 "ineffective or inadequate." No court has interpreted the savings clause so broadly and this Court does not read *Gilbert* to allow such broad relief, even if it was controlling precedent in this jurisdiction. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."[24] Because petitioner is unable to show that § 2255 is inadequate or ineffective, his petition for relief under § 2241 must fail and his motion must be denied.

Petitioner is not entitled to a COA unless he can make "a substantial showing of the denial of a constitutional right."[25] Petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[26] Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere

---

[22]*See Sun Bear v. United States*, 611 F.3d 925, 928 (8th Cir. 2010) ("Sun Bear filed his § 2255 motion within one year of the Supreme Court's decision in *Begay*. Consequently, there is no dispute that Sun Bear's § 2255 motion was timely if *Begay* applies retroactively in this case.").

[23]*Reyes-Requena*, 243 F.3d at 904.

[24]*Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).

[25]28 U.S.C. § 2253(c)(2).

[26]*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (construing 28 U.S.C. § 2253(c)).

good faith."[27]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[28]  As petitioner concedes, the right he asserts in his habeas motion is not a constitutional right.  As such, a certificate of appealability is not warranted.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner Michael Harris' Motion Under 28 U.S.C. § 2255 to Correct Sentence (Doc. 31) is denied.  The Court also denies petitioner a certificate of appealability.

**IT IS SO ORDERED.**

Dated: October 5, 2010

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE

---

[27]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[28]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).